JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-01378-AB-MAA | Date: | June 18, 2025 |

| Title: | *Bigfoot Ventures, LTD v. Mark S. Knighton et al* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> MOTION FOR REMAND [15]

Before the Court is a Motion for Remand ("Motion," Dkt. No. 15) filed by Plaintiff Bigfoot Ventures, Ltd. ("Plaintiff"). Defendants Mark Knighton, Rory Hargaden as an individual and Trustee of the Shamrock Alpha Trust ("Defendants") filed an opposition, and Plaintiff filed a reply. The Motion is **<u>GRANTED</u>**.

**I.   BACKGROUND**

This action is one of several between Bigfoot Ventures, LTD, on one hand, and Mark Knighton and associated entities on the other, concerning a 5.5 million euro promissory note entered into between Bigfoot and nonparty NextEngine, Inc., in June 2008. *See* First Amended Complaint ("FAC," Dkt. No. 17-1, page ID #1506-1517) ¶ 13. Bigfoot's FAC alleges that NextEngine defaulted on the 2008 Promissory Note. FAC ¶ 15. In 2015, Bigfoot sued NextEngine in state court to recover the money due on the Note, and secured an $8 million judgment against NextEngine. *Id.* ¶¶ 15, 16. Bigfoot alleges that when it served a Notice of Levy on

NextEngine's bank, Bigfoot received a notice of third party claim from defendant Knighton, who claimed a priority interest in NextEngine's assets. *Id.* ¶ 18. This caused Bigfoot to suspect that "Knighton had improperly encumbered NextEnginge to thwart Bigfoot's enforcement of the Judgment." *Id.* ¶ 18. Accordingly, Bigfoot sought and conducted a judgment debtor examination of Knighton. *Id.* Thereafter, in August 2018, Bigfoot moved the state court judge to amend the judgment to add Knighton and ShapeTools to the judgment. In February 2020, the state court found that Knighton was an alter ego of NextEngine and that ShapeTools was a mere continuation of NextEngine, and thus granted Bigfoot's motion and added Knighton and ShapeTools to the judgment. *Id.* ¶ 20.

In June 2021, Bigfoot sought to enforce its judgment and took a second judgment debtor exam of Knighton in his personal capacity as judgment debtor, and as the corporate representative for both NextEngine and ShapeTools. FAC ¶ 23. Bigfoot learned that NextEngine and ShapeTools were essentially worthless, but Knighton still owned a property in Santa Monica worth several million dollars. *Id.* ¶¶ 23, 24. Bigfoot thought that the only way to recover on its judgment would be to levy and sell Knighton's Santa Monica property. *Id.* ¶ 26. But, Bigfoot alleges, Knighton and Hargaden fraudulently encumbered the Santa Monica property by using it as collateral for a loan between Knighton and Hargaden and/or Shamrock, Hargaden's investment vehicle. *Id.* ¶¶ 27, 28. The transaction was reflected in the Shamrock Loan, Security Agreement, and two Liens. *Id.* ¶ 27. Bigfoot alleges that in light of a number of allegations that the Court will not recount here, "the encumbrance of Knighton's Santa Monica property via the Shamrock Loan, Security Agreement, and Liens is a voidable transaction, marked by numerous badges of fraud." *Id.* ¶ 31.

On April 6, 2023, in order to recover its judgment, Bigfoot filed this action in state court, asserting three claims under the California's Uniform Voidable Transfers Act ("UVTA) and a claim for declaratory relief, seeking the avoidance of Knighton's fraudulent loans and security interests relating to the Santa Monica property. Defendants Knighton and Hargaden filed their Answer on July 10, 2023. On October 31, 2023, Bigfoot added WayTools, LLC as a defendant but made no changes to the substantive allegations or causes of action.

On February 18, 2025, nearly two years after the action was commenced, Defendants removed the action to this Court.[1] Defendants' rather convoluted

---

[1] When Defendants removed the action, they separately filed two batches of "exhibits." *See* Dkt. Nos. 6, 7. Presumably, these filings comprise the state court

Notice of Removal alleges that this Court has subject matter jurisdiction as follows: based on a related case ("Related Cases Provides Basis For Federal Court Jurisdiction") *Mark Knighton, et al. v. Bigfoot Ventures, Ltd., et al.*, Case No. 2:24-CV-7461; based on federal question jurisdiction arising out of patent law; based on supplemental/pendant jurisdiction in that the claims herein are supplemental to the claims in the related case and perhaps because of diversity jurisdiction; and based on "Protection of Prior Rulings: Ancillary Enforcement of Jurisdiction."

Bigfoot moves for remand, arguing that this Court lacks subject matter jurisdiction. In their opposition, Defendants clarify their claimed bases for federal jurisdiction as follows: "subject matter jurisdiction exists in this Removed Action because: (1) resolution of a substantial question of federal law has arisen; and/or (2) due to an existing related federal case overseen by the Honorable Andre Birotte, Jr., supplemental jurisdiction is proper; and/or (3) due to the existence of a prior related federal case overseen by the Honorable Andre Birotte, Jr., ancillary/pendant jurisdiction to protect rulings made by Judge Birotte is proper." Opp'n 15:15-22.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal

---

record, but there appears to be no declaration attesting to this. Together, the filings comprise more than 1,200 pages of material, but Defendants did not supply the Court with an index. Nor it is clear that either batch of exhibits includes filed/conformed copies of the *operative pleadings*. In addition, the filings lack the title page required by Local Rule 11-3.8. Ordinarily, the Court would strike these filings because they violate Local Rule 11-3.8. However, Defendants did file with their opposition to the motion for remand the key documents the Court needs to resolve the motion–Plaintiff's First Amended Complaint and the state court judge's vexatious litigation order–and because the court is remanding the action, it will not require Defendants to cure the deficiencies in these two filings.

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Bigfoot argues that none of the grounds for federal jurisdiction that Defendants allege exists in this case.[2] The Court agrees.

### A. Defendants Could Not Remove Based on Diversity Jurisdiction.

Insofar as Defendants invoke diversity jurisdiction, they could not remove the case on that basis. Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). However, 28 U.S.C. § 1441(a)(b)(2), the forum defendant rule, limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."

Defendants appear to assert that they are citizens of California. Therefore, under the forum defendant rule, they cannot remove the action on the ground of diversity jurisdiction. Defendants argue that they are not removing based "soley" on diversity jurisdiction, so the forum defendant rule does not apply. But Defendants do not meaningfully elaborate on this point and instead rely on[3] district court cases from Alabama and West Virginia that do not address this issue. In addition, insofar as Defendants attempt to invoke jurisdictional bases other than diversity, that attempt fails so there are no alternative bases for federal jurisdiction.

The forum defendant rule therefore bars Defendants from removing based on diversity jurisdiction.

---

[2] Bigfoot also argues that removal was untimely. The Court will not address this argument because it finds that neither the original complaint nor the FAC nor the state court vexatious litigant order reveal any basis for federal jurisdiction.

[3] Defendants' citations to these cases omit the jurisdictions and lack parentheticals, thus obfuscating rather than disclosing useful information proper citations require.

### B. Supplemental Jurisdiction Provides No Independent Basis for Removal.

Defendants also argue that federal question jurisdiction exists because "[i]f the Current Federal Action is determined to be related to the Removed Action then the Court can acquire Supplemental Jurisdiction over the Removed Action." Opp'n 26:11-14.

Defendants are mistaken. The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Clearly, the Court must have original federal jurisdiction over an action before it may exercise supplemental jurisdiction over state law claims. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) (a "court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. [] Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.") (citation omitted).

Defendants cite three district court cases to support their contrary position. In each of these cases, however, the court had original federal question jurisdiction because the plaintiff asserted claims under patent law, and the issue was only whether the court had supplemental jurisdiction over state law claims and counterclaims. These cases simply do not support Defendants' position that the Court has original jurisdiction based on supplemental jurisdiction.

Defendants also argue that Bigfoot's claims are "artful pleading" to avoid rulings this Court made in a prior case between the parties and that therefore this Court should exercise ancillary jurisdiction. This argument conflates different jurisdiction-related concepts and is undeveloped. The Court therefore rejects it without further discussion.

### C. The Action Does Not Trigger Federal Question Jurisdiction.

Defendants also argue that the Court has federal question jurisdiction under the patent law notwithstanding the FAC's assertion of only state-law claims. This position appears to be based on a defense that Defendants expect to raise against Bigfoot's fraudulent transfer claims: that Bigfoot's fraudulent transfer claim directed at Knighton's Santa Monica property must fail because the 2008 Note is

sufficiently secured by certain patents, and therefore, presumably, Bigfoot can recover its judgment through the patent security without touching the Santa Monica property, so Bigfoot does not need to avoid the transfers that encumbered/alienated that property. Defendants argue that this defense gives rise to a federal question because it puts in issue the "validity, enforceability, infringement and/or infringement value of the patents," which is relevant "to show that the creditor is sufficiently secured and not harmed." Opp'n 17:1-6.

Insofar as this is an argument that the action "arises under" patent law, Defendants are mistaken. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under no interpretation does this action "arise under" the laws of the United States.

Under the well-pleaded complaint rule, an action "arises under" the laws of the United States only where "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, no federal question is presented on the face of Bigfoot's Complaint or FAC, which assert only claims under state law.

Defendants also invoke the artful pleading doctrine, arguing that Bigfoot's state law claims are actually federal claims. The artful pleading doctrine "allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). This occurs when "the pre-emptive force of the statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. "To have this effect, a federal statute must 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.' " *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). The only federal law that Defendants refer to is the patent law, but they don't explain how patent law provides "the exclusive cause of action" and "sets forth procedures and remedies" governing Bigfoot's state law claims for fraudulent transfer relating to the Santa Monica real property.

Defendants also argue that there is federal question jurisdiction under the *Gunn* test. This refers to a " 'special and small category' of state-law claims that arise under federal law. …Under the [Supreme] Court's [*Gunn*] test, we must determine whether, by virtue of this claim, a federal issue is '(1) necessarily raised,

(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.' " *City of Oakland*, 969 F.3d at 906 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Defendants have not satisfied any of these elements. First, no patent issue is "necessarily raised" by Bigfoot's claims. Defendants' argument that Bigfoot's interest in its judgment is adequately secured by the patent collateral is at most a defense to the fraudulent transfer claims, and is not an issue raised by the fraudulent transfer claims themselves. Second, none of the patent issues Defendants' vaguely refer to—patent validity, enforceability, infringement and/or infringement value of the patents—is actually disputed, or at least Defendants do not demonstrate that they are actually disputed. Third, Defendants do not point to a substantial issue of federal law, nor, fourth, do they explain how it would not disrupt the federal-state balance for this Court to exercise jurisdiction over fraudulent transfer claims governed by California law that were pending in state court for nearly two years before they were removed. Thus, Defendants do not establish federal question jurisdiction under the *Gunn* test.

Defendants appear to rely on the state court's January 2025 order denying their motion to declare Bigfoot a vexatious litigant to establish some of these elements. *See* State Court Order (Dkt. No. 17-1). As relevant, that order states, "Defendants argue plaintiff cannot show a reasonable probability of succeeding at trial. Defendants assert plaintiff is secured via patent IP collateral, so is precluded from asserting fraudulent conveyance. [] This is unavailing; the question is whether the alleged transfers were fraudulent. Whether plaintiff is secured is irrelevant to its right to protect its judgment from fraudulent transfers." State Court Order, page ID#1535. This analysis from the state court does nothing at all to substantiate Defendants' argument that Bigfoot's claims raise any patent issue sufficiently to trigger federal jurisdiction under the *Gunn* test. In fact, the analysis suggests the contrary—that patent issues are not necessarily raised, or actually disputed, or substantial such that they trigger federal question jurisdiction.

## IV.   CONCLUSION

Defendants have not met their burden of establishing subject matter jurisdiction. Bigfoot's Motion for Remand (Dkt. No. 15) is therefore **GRANTED**. This action is **REMANDED** to the state court from which it was removed. Defendants' Motion to Consolidate (Dkt. No. 25) is **DENIED AS MOOT**.

**SO ORDERED**.